**In re: Khalil Abdul HAKIM, Petitioner.**

**No. 05–4606.**

United States Court of Appeals, Third Circuit.

Submitted Under Fed. R.App. Pro. 21 Nov. 4, 2005.

Decided Dec. 8, 2005.

Khalil Abdul Hakim, Minersville, PA, pro se.

Before SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Petitioner Khalil Abdul Hakim, a federal prisoner, filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in United States District Court for the Eastern District of Pennsylvania. He is serving a term of imprisonment of 136 months for armed bank robbery and weapons violations. Counsel was appointed to represent him, and an evidentiary hearing was held on April 21, 2005. Dissatisfied with appointed counsel's representation at the

hearing, and convinced of the merits of his section 2255 motion, Hakim filed a notice of appeal pro se on July 25, 2005. We dismissed this appeal, *United States v. Hakim*, C.A. No. 05–3565, as premature and not taken from a final order as required by 28 U.S.C. § 1291. In addition to taking the premature appeal, Hakim submitted a petition for writ of mandamus, in which he again complained about appointed counsel's performance, and asked us to order the District Court to rule on his section 2255 motion.

We will deny the petition for writ of mandamus as moot. In an order entered on October 20, 2005, the District Court ruled on Hakim's section 2255 motion, denying it. The District Court has acted, and we are, therefore, unable to fashion any form of meaningful relief in this regard. *See General Elec. Co. by Levit v. Cathcart*, 980 F.2d 927, 934 (3d Cir.1992). We note also that, on October 27, 2005, Hakim filed a timely notice of appeal from this final order. The appeal has been docketed in this Court at *United States v. Hakim*, C.A. No. 05–4868, giving Hakim a meaningful opportunity to pursue his contentions to the extent permitted by law without the need to resort to mandamus. *See Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1422 (3d Cir.1991) (mandamus not substitute for appeal).

We will deny the petition for writ of mandamus.